BAKER and another, Trustees, Respondents, vs. BAKER MANUFACTURING COMPANY and others, Appellants.

*June 7—July 12, 1949.*

The cause was submitted for the appellants on the briefs of *Walter E. Nitcher* of Evansville, and for the respondents

on the brief of *Jeffris, Mouat, Oestreich, Wood & Cunningham* of Janesville.

BROADFOOT, J. The amended complaint alleges that Eliza S. Baker, Cleland S. Baker, J. Gordon Baker, Margaret M. Baker, and Allen S. Baker, as donors, made and executed a trust agreement on December 30, 1939. A copy of the agreement is attached to the complaint as an exhibit and made a part thereof. By the agreement the donors gave, delivered, transferred, assigned, and set over to Cleland S. Baker and Margaret M. Baker, as trustees, among other assets, certain stock certificates described therein representing both common and preferred stock in the Baker Manufacturing Company. The trustees, by the terms of the agreement, acknowledged receipt of the same. It is further alleged in said complaint that said stock certificates were not formally issued to the plaintiffs as trustees, nor transferred on the books of the defendant corporation, but plaintiffs did, as trustees, manage and administer the stock under said agreement, and that on or about April 22, 1948, plaintiffs served on the defendant corporation and its secretary a demand for the issuance and transfer of said stock to one of the trustees, as permitted by said agreement, the certificates having been surrendered to the corporation prior thereto, and that defendants have failed and refuse to issue and transfer the shares as demanded.

The demurrer to the amended complaint was on the following grounds: "(1) That there is a defect in parties because of the omission of the 'donors' who are necessary parties. (2) That the complaint does not state facts sufficient to constitute a cause of action, in that the trustees have failed to comply with paragraph 5 of the trust agreement attached to said complaint."

Paragraph 5 of the trust agreement reads as follows:

*"The trustees shall have full power* of collection, satisfaction, enforcement, extension, settlement, composition, compromise, sale, assignment, transfer and conveyance of and over

any and all the assets from time to time subsisting in the trust estate upon such terms and conditions as they may deem best; and *to do any and all such things for the preservation and management of the trust property as they may consider necessary or proper and for the best interests of said estate, including the right to bring legal proceedings upon the written consent of a majority of the donors, by foreclosure or otherwise,* whenever the same may become necessary in the collection or preservation of any of the assets of such trust estate. All persons dealing with the trustees are absolved from responsibility or inquiry in respect of their powers over the assets in their custody, or the proceeds thereof. In respect of any assets subsisting in said trust they may at their discretion pay and discharge any liens, debts, or obligations existing on any such assets; approve and participate in and make any payments required by any proceedings for reorganization, refinancing, dissolution, or other transactions; participate in and deposit under and/or withdraw from security holders protective agreements; accept and retain in the trust substituted, exchanged, or distributed stocks and securities; and may exercise any rights to subscribe for and purchase additional stock or other securities; all with impeachment only for bad faith. The trustees may carry any or either of the assets in their own names or the name of either of them, without disclosure of trust and may transfer any or either of the assets to such nominee or nominees as they shall select. In respect of credit given and security taken upon any sale of trust assets, the trustees shall not be bound by any laws governing the investment of trust funds, but shall be impeached only for bad faith." (Italics ours.)

The defendants contend that this is a legal proceeding; that there is no allegation in the said complaint that a majority of the donors had consented in writing to the commencement of this action; that only the italicized portion of the paragraph should be considered and therefore the donors should be parties or the complaint should show affirmatively that a majority of said donors had consented in writing to the bringing of this action. The plaintiffs contend that this omission is not raised by the demurrer which only raises the question

of the capacity of plaintiffs to sue, and that the provision does not apply to actions against or involving parties other than the donors and is not available to defendants as an obstacle to the maintenance of this action.

The demurrer cannot be sustained on the first ground. The trustees are the proper parties to bring an action involving the trust, and there is no defect in parties because of the omission of the donors as necessary parties.

The sufficiency of the demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action depends upon the construction of the entire trust agreement. By the terms of the agreement legal title to the stock certificates was assigned to the trustees, the stock certificates were delivered to them, and they were authorized to carry the stock in their own names or in the name of a nominee or nominees. The donors by the terms of the trust agreement had done everything required of them to effect a transfer of the stock certificates in question. In effect the trust agreement was a consent in writing, signed by all of the donors, authorizing the trustees to bring this action should the transfer be refused. The agreement gave the trustees full power in the management and protection of the estate. The exact purpose of the phrase "including the right to bring legal proceedings upon the written consent of a majority of the donors" is not clear. Strictly construed it appears to be an additional right conferred upon them and does not appear to be a restrictive clause that would hamper them in the performance of their legal duties as trustees. Therefore the demurrer cannot be sustained on the second ground.

*By the Court.*—Order affirmed.